[670 NYS2d 512]

In the Matter of WALTER WODINSKY, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 23, 1998

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana Maxfield Kearse* of counsel), for petitioner.

*Walter Wodinsky,* Brooklyn, respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

The petition, dated March 11, 1997, contains two charges of professional misconduct against the respondent. The Special Referee sustained both charges, as amended at the preliminary conference. The Grievance Committee now moves to confirm the Special Referee's report. The respondent has submitted an affirmation in response in which he fully admits the charges and asks that the Court take into account the entire record in determining the measure of discipline to impose.

The charges are couched in terms of respondent's breach of a fiduciary obligation, in violation of Code of Professional Responsibility DR 9-102 and DR 1-102 (A) (8) (22 NYCRR 1200.46, 1200.3 [a] [8]), and conduct involving misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]). The charges emanate from the respondent's premature release of escrow funds, which his clients were entitled to receive at a closing approximately one week later. The respondent attempted to conceal his act at the closing.

Based on the evidence adduced and the respondent's admissions, the Special Referee properly sustained both Charge One and Charge Two, as amended at the preliminary conference. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered the respondent's full and complete cooperation with the Grievance Committee, including providing his escrow account records for 1995 and 1996 along with bank statements, cancelled checks, and duplicate bank statements for six months. The respondent has candidly admitted his responsibility for the acts in question. The Special Referee found that "[t]he handling of the funds was due to a mistake of judgment (which respondent admitted) and mismanagement rather than intentional misconduct". The Special Referee noted that the respondent cooperated fully with the Grievance Committee and has practiced law for approximately 46 years without being subject to any prior disciplinary proceedings.

Under the unique circumstances of this case, the respondent is publicly censured for his professional misconduct.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and ALTMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Walter Wodinsky, is censured for his professional misconduct.